$250.00

**JS**

**FILED**
FEB 2 8 2006
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAUL HENRIKSEN,<br>         Plaintiff,<br><br>     vs.<br><br>EDWARD WHITE HOSPITAL, Inc.,<br>d/b/a EDWARD WHITE HOSPITAL,<br><br>and,<br><br>HCA, Inc., d/b/a HOSPITAL<br>CORPORATION OF AMERICA, d/b/a<br>HCA, d/b/a COLUMBIA/HCA,<br>         Defendants | Case No.: 06-cv 879<br><br>Civil Action<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW**, the Plaintiff, Paul Henriksen, <u>pro se</u>, and brings this action against the above-captioned Defendants, and avers as follows:

**I.   PARTIES**

1. Plaintiff, Paul Henriksen, <u>pro se</u>, is an adult individual and resides at 721 Fitzwater Street, Philadelphia, Philadelphia County, Pennsylvania.

2. Upon information and belief, Defendant, Edward White Hospital, Inc., is a corporation organized under the laws of Tennessee, which does business as Edward White Hospital, located at 2323 9th Avenue North, St. Petersburg, Pinellas County, Florida, 33733.

3. Upon information and belief, Defendant, HCA, Inc., is a corporation organized under the laws of Tennessee, and does business as Hospital Corporation of America, HCA, and Columbia/HCA, with a business address of One Park Plaza, Nashville, Tennessee, 37203.

4. Upon information and belief, Edward White Hospital, Inc., is a wholly owned subsidiary of HCA, Inc.

5. Upon information and belief, HCA regularly conducts business in the Commonwealth of Pennsylvania by and through, but not limited to, HCA - Information & Technology Services, Inc., a foreign corporation which is registered as such with the Pennsylvania Department of state.

## II.  JURISDICTION

6. The jurisdiction of this Honorable Court is based on 28 U.S.C. § 1331 (Federal Question) as Plaintiff's instant lawsuit seeks damages for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, et seq.

## III. VENUE

7. Upon information and belief, Defendant HCA, Inc., regularly conducts business in Pennsylvania through, but not limited to its subsidiary, HCA - Information & Technology Services, Inc., as well as other business activities and the operation of a web site, www.hcahealthcare.com, which solicits business *inter alia* in the Commonwealth of Pennsylvania.

8. Upon information and belief, Defendant, Edward White Hospital, as a wholly owned subsidiary of Defendant, HCA, Inc., regularly conducts business in Pennsylvania by and through HCA.

## IV.  FACTS

9. On August 31, 2004, Plaintiff proceeded to Edward White Hospital for treatment of a laceration.

10.  On August 31, 2004, Edward White Hospital rendered outpatient emergency treatment to Plaintiff.

11.  In approximately the summer of 2005, Plaintiff discovered that Edward White Hospital had wrongfully reported a $157.05 delinquent debt to a debt collection agency, and caused said debt collection agency to subsequently report said inaccurate delinquency to the credit bureaus.

12.  Said delinquency is not accurate because at no time has Plaintiff ever received a bill for the $157.05 charge.

13.  In or about September, 2005, Plaintiff lodged a complaint with the Pinellas County Department of Justice and Consumer Affairs.

14.  Even after being informed of the inaccuracy and falcity of said delinquency, Edward White Hospital has continued to refuse to provide a bill for services.

15.  On October 14, 2005, Plaintiff again requested from Edward White Hospital a bill for services, as well as a true and correct copy of Plaintiff's medical records, and documents

reflecting Edward White Hospital's attempts to collect the alleged debt.

16. Edward White Hospital continues to willfully refuse to supply the information requested.

17. In or about October, 2005, Plaintiff reported these inaccuracies to a credit bureau.

18. In or about November, 2005, Plaintiff again reported said delinquency to another credit bureau in an effort to give Edward White Hospital an opportunity to remove said delinquency from Plaintiff's credit reports.

19. Plaintiff was informed by two credit bureaus that the debt was "valid" and would not be removed.

20. Plaintiff believes and therefore avers that the credit bureau transmitted Plaintiff's report of inaccuracies to Defendant Edward White Hospital or its authorized collections agent.

21. Plaintiff believes and therefore avers that even after Defendant Edward White Hospital received Plaintiff's report of inaccuracies from the credit bureau, Edward White Hospital continued to refuse to correct the inaccuracies in the information it reported to said credit bureaus.

22. As a result of Edward White Hospital's reporting of an erroneous delinquency to the credit bureau, and Edward White's refusal to correct this inaccuracy, Plaintiff's credit rating has plummeted, as well as other damages.

23. Plaintiff has consequently suffered a tangible harm.

**COUNT I**
**VIOLATION OF 15 U.S.C. §1681s-2(b) (FCRA)**
**Plaintiff v. Defendant Edward White Hospital and HCA**

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 herein.

25. Plaintiff is an individual who satisfies the definition of "person" under the "Act."

26. Plaintiff also satisfies the definition of the term "consumer" under the Act.

27. Defendants satisfy the definition of "reporter of consumer information to a credit reporting agency."

28. Plaintiff has repeatedly informed defendants that the report of delinquency to a consumer reporting agency is false, because since Plaintiff has never received a bill for services, Plaintiff cannot possibly be considered to be "delinquent."

29. Defendant has refused to remove the delinquency from the credit reporting agencies.

30. As such, Defendants' actions amount to willful and malicious conduct.

31. As a result of Defendant's conduct aforesaid, Plaintiff has suffered a tangible harm, including but not limited to, a substantial reduction in Plaintiff's credit rating and credit score and inability to obtain bundled insurance at a favorable rate.

32.     Not only has Defendant refused to withdraw its report of delinquency, Defendant has for months refused to send Plaintiff an itemized bill for services, as well as other information for Plaintiff's use in ascertaining the validity of the alleged hospital charges

WHEREFORE, Plaintiff respectfully requests that judgment be rendered in his favor and against defendant, for compensatory and punitive damages, as well attorneys' fees and costs, and any other relief that the court deems just and fair under the circumstances.

By: /s/ Paul H.
Paul Henriksen, pro se